IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ZECHARIAH JUSTIN DANIEL SMITH,<br><br>Plaintiff,<br>vs.<br>CODY CUNNINGHAM, et al.,<br>Defendants. | CV 23-42-H-BMM-KLD<br><br><br>ORDER |

This matter is before the Court on a civil rights complaint filed by Plaintiff Smith under 42 U.S.C. § 1983. (Doc. 1.) Smith was advised of deficiencies in his complaint and was directed to file an amended complaint. (Doc. 5.) Smith has been granted multiple extensions of time within which to file his amended document. (*See* Docs. 7, 16.) The amended complaint is currently due to be filed on or before January 23, 2024. (Doc. 16 at 2.)

Pending before the Court are several requests from Smith for injunctive relief. (Docs. 8, 9, 12, and 17.) Smith asks this Court to order Montana State Prison ("MSP") officials to provide him with a typewriter to aid him in preparing his amended complaint, (Docs. 8 & 17), or alternatively that correctional officers place him in a cell with a designated desk and writing station. (Doc. 9.) Apparently, Smith has been placed in disciplinary segregation and, as a result, has

1

limited access to writing and legal materials. (*Id.*) Smith also requests that this Court prevent MSP officials from transferring him to another facility. (Doc. 12.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under

which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Applying the *Winter* factors, Smiths' requests for preliminary injunctions will be denied. First, Smith has not demonstrated that he is likely to succeed on the merits of his case. As set forth above, he has yet to file his amended complaint. As previously explained by the Court, the bulk of his claims were subject to dismissal. Once Smith files his amended complaint, the Court will continue with the prescreening process as mandated by 28 U.S.C. § 1915, 1915A.

Second, Smith has not established that he will suffer irreparable harm from the continued denial of a typewriter or a desk. He may handwrite his amended complaint. The denial of other means to prepare the document does not constitute irreparable harm. While handwriting may not be his preferred means of preparing his amended complaint, a denial of personal preference and any inconvenience that may result do not rise to the level of irreparable harm. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F. 2d 668, 674 (9th Cir. 1988). Smith's claim that he will be inconvenienced without a typewriter or writing desk is insufficient to support injunctive relief.

Additionally, the balance of hardships do not tip in Smith's favor. In making this determination, a court must consider the impact that granting or denying a motion for preliminary injunction will have on respective groups. *See International Jensen v. Metrosound U.S.A.*, 4 F. 3d 819, 827 (9th Cir. 1993). In the instant matter, Smith asks this Court to review and reverse findings made by prison officials that led to Smith being placed in disciplinary segregation. He also asks the Court to intervene and prevent MSP officials from transferring him to another facility. Judicial interference in matters of inmate discipline is highly disfavored; prison authorities have broad discretion in handling disciplinary matters. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Myron v. Terhune*, 476 F. 3d 716, 719

(9th Cir. 2007)(federal courts should afford appropriate deference to state officials managing a prison environment).  The injunctive relief Smith requests would interfere with correctional operations; accordingly, the balance of equities and hardships does not favor grant of an injunction.

Finally, a preliminary injunction is not in the public interest for the same reasons set forth above.  Such an injunction would unnecessarily interfere with prison administration.  Smith should file his amended complaint and the Court will consider the merits of the issues presented therein.  He has been given sufficient time to prepare the document, he faces no irreparable harm in the interim.  Accordingly, the Court issues the following:

## ORDER

1. Smith's Motions for Injunctive Relief (Docs. 8, 9, 12, and 17)  are DENIED.

2. At all times during the pendency of this action, Smith must immediately advise the Court and opposing counsel of any change of address and its effective date.

DATED this 17th day of January, 2024.

>*/s/ Kathleen L. DeSoto*
>Kathleen L. DeSoto
>United States Magistrate Judge