IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ZECHARIAH JUSTIN DANIEL SMITH, | CV 23-42-H-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER |
| C/O CUNNINGHAM, ET AL., | |
| Defendants. | |

Plaintiff Zechariah Justin Daniel Smith ("Smith") has filed a motion requesting that the Court enter an Order directing Defendants to respond to his inquiries about voluntarily dismissing this lawsuit and/or sealing the entire matter. (Doc. 47.) Smith indicates he has attempted to contact counsel for Defendants on seven different occasions, beginning June 12, 2024, but has received no response. (*Id*. at 1.)

In the interim, Defendants have filed a response to Smith's filing. (Doc. 48.) Defendants dispute that Smith has tried to contact them on various occasions regarding dismissal, but state that they have no objection to his request for voluntary dismissal. (*Id*. at 1-2.) Relative to Smith's request to seal the case, Defendants take no position. (*Id*. at 2.)

Because Defendants have now filed a response, Smith's motion requesting the

Court compel their response will be denied as moot. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides an avenue for voluntary dismissal and Smith has demonstrated good cause to support his request. This matter will be dismissed.

Smith's motion to seal requires more consideration. In support of his request, Smith simply states that he has claimed several "private and sensitive issues" which he would like to keep confidential. (Doc. 47 at 2.)

The Court recognizes that in the Ninth Circuit, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006). The public has a "general right to inspect and copy public records and documents, including juridical records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n. 7 (1978). There are exceptions to this general principle.

A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by providing "compelling reasons" to do so. *Foltz,* 331 F.3d at 1135. "Compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when the "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon,* 435 U.S. at 598.

In articulating compelling reasons, a party seeking to seal judicial records must support the reasoning with "specific factual findings, that outweigh the general history of access and the public policies facing disclosure." *Kamakana*, 447 F. 3d at 1179. "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Smith's complaint and accompanying documents describes in graphic detail an alleged sexual assault against him. Smith has demonstrated a compelling reason, supported by specific factual findings, that sealing certain records in the docket would be appropriate. Accordingly, the motion to seal will be granted in part.

Accordingly, **IT IS HEREBY ORDERED**:

1. Smith's Motion for Order Compelling Response (Doc. 47) is **DENIED** as moot.

2. To the extent that Smith's Motion is construed as a motion for voluntary dismissal, the motion is **GRANTED**. This matter is **DISMISSED** pursuant to Fed. R. Civ. P. 41(a)(1)(B).

3. Smith's Motion to Seal is **GRANTED in part and DENIED** in part. The Clerk of Court is directed to seal the following items in the docket: Documents 1, 1-1, 1-2, 19-1, 19-2, 20-1, 21, 29, 37-2, 38, and 38-1.

4.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 13th day of January, 2025.

Brian Morris
United States District Court Judge